AGRAIT ET AL., APPELLANTS, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Extension of Mortgage.

No. 552.—Decided November 24, 1922.

RECORD OF TITLE—MORTGAGE—COMMUNITY PROPERTY—CONSENT OF WIFE.—The express consent of the wife is not necessary in order that the husband, as manager of the community, may extend the term of a mortgage securing a loan of money belonging to the community.

The facts are stated in the opinion.

*Mr. E. H. F. Dottin* for the appellants.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On April 4, 1922, José Allés, a married man, and Irene Agrait and Eugenio T. Iglesias executed before a notary public a deed in which they declared that Agrait and Iglesias were the owners of a certain urban property on which Allés and his wife held a mortgage falling due on May 10, 1922, and that they had agreed to extend the contract for four years more, modifying it only by changing the rate of interest on the loan secured by the mortgage from six per cent to nine per cent.

The deed was presented in the registry for record and the registrar refused to record it on the ground that as the property involved was community property, the express consent of the wife was necessary.

An appeal was taken to this court from the registrar's decision, the appellant and the registrar having filed briefs which contain no citations of law or jurisprudence.

The money lent and the mortgage to secure it belonged to a conjugal partnership. There is no doubt of this, nor of the fact that the contract was renewed only by the manager of the partnership, the husband, without the express consent of his wife.

The appellant maintains that the renewal is a mere act of management, inasmuch as the husband could lend the money of the conjugal partnership without the express consent of the wife and the mortgage is simply security for the loan. On the contrary, the registrar alleges that the renewal of the contract is an alienation of the right of the mortgagee, the conjugal partnership, to collect the amount of the mortgage within the fixed time, and that, therefore, it is not a mere act of management.

Let us ascertain what statute is applicable.

Section 159 of the Civil Code provides that "the husband shall be the administrator of the conjugal property" and that "the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null, except when effected with the mutual consent of both parties to the marriage." Section 1327 of the Civil Code repeats that "the husband is the administrator of the conjugal partnership" with the exceptions therein referred to. Section 1328 of the Civil Code reads as follows:

"Notwithstanding the power which the husband has as administrator he shall not have the power to give, to sell and to bind for a consideration the real estate of the conjugal partnership, without the express consent of the wife."

The question involved must be decided in the light of these statutes.

What the law prohibits is the alienation and encumbrance of property. The renewal of the contract is in no manner an encumbrance. Can it be considered as an alienation? In our opinion it is not. Alienation, according to Escriche's *Diccionario de Legislación,* is "the act by which the owner-

ship of a property is transferred to another for a good consideration, as a gift; or for a valuable consideration, as a sale or exchange. This word, in its broadest sense, includes also emphyteusis, pledge, mortgage, and even the creation of a servitude on rural property. It follows that one who can not alienate a property can not encumber it, nor mortgage it, nor subject it to a servitude. 'He who is forbidden to alienate a property, according to Law 10, Tit. 33, 7th *Partida,* can not sell, exchange or pledge it, and can not impose a servitude or annuity upon it in favor of any person to whom he is forbidden to alienate it.' "

As the contract entered into is not prohibited by law, agreement to it by the managing husband made it valid; therefore, the deed of renewal in question is recordable.

The decision appealed from must be

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.